IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IFEANYI NWANI,<br><br>PLAINTIFF,<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL,<br><br>DEFENDANT. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Ifeanyi Nwani, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages and other relief on behalf of Plaintiff Ifeanyi Nwani (hereinafter "Plaintiff" or "Mr. Nwani"), a former employee of Universal Protection Service, LP d/b/a Allied Universal (hereinafter "Allied Universal" or "Defendant"). Despite his excellent performance during his employment with Allied Universal, Mr. Nwani was harassed and discriminated against on the basis of his race and national origin, and was retaliated against for his complaints of discrimination and harassment, culminating in his wrongful termination on April 16, 2020.

2. This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

**JURISDICTIONAL STATEMENT**

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a Charge of Discrimination against Allied Universal with the United States Equal Employment Opportunity Commission ("EEOC"). On August 3, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

**VENUE**

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

7. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

**PARTIES**

8. Plaintiff Ifeanyi Nwani is an adult African-American male of Nigerian descent and resident of Upper Darby, Pennsylvania and the United States of America.

9. Allied Universal is a business entity organized under state law with a headquarters in Conshohocken, Pennsylvania and Santa Ana, California that provides security services and staffing.

10. At all relevant times, Defendant is and has been an employer employing more than 50 employees.

11. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

12. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

13. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

14. At all relevant times hereto, Plaintiff Ifeanyi Nwani was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

15. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

16. This Honorable Court has jurisdiction over the Defendant.

**FACTS**

17. Beginning in or around February 2018, Mr. Nwani began his employment with Universal Protection Service as a security guard.

18. In or about March 2019, Allied Universal acquired Universal Protection Service, and Mr. Nwani continued his employment under Allied Universal.

19. During his employment with Defendant, Mr. Nwani performed his duties in an excellent, hardworking and dedicated manner.

20. Despite his loyalty and consistent performance, Mr. Nwani was harassed and discriminated against on the basis of his race and national origin, and was terminated as a result of such discrimination and in retaliation for his complaints about discrimination and harassment.

21. Throughout his employment with Defendant, Mr. Nwani was verbally harassed by his coworkers on the basis of his race and national origin.

22. Among other things, Mr. Nwani's coworkers would call him a monkey, tell him to go back to the jungle, and constantly mock the way he spoke due to his accent.

23. Mr. Nwani was also subjected to physical harassment by his coworkers who would physically charge at Mr. Nwani and put their hands on him in a threatening manner.

24. Mr. Nwani was subjected to this harassment on the basis of his race and national origin by coworkers Keyanna [LNU], Antonio [LNU], Allan Tull [LNU], and Elvis [LNU].

25. The harassment became so severe and regular that in or about July 2019, Mr. Nwani was compelled to complain to his supervisor, Diego Castello, and Human Resources ("HR").

26. However, Allied Universal took no remedial action in response to Mr. Nwani's complaints.

27. Instead, in or about August 2019, Allied Universal retaliated against Mr. Nwani for complaining about discrimination and harassment by no longer permitting him to work overtime.

28. Due to Allied Universal's failure to address the harassment, Mr. Nwani continued to experience physical and verbal abuse at the hands of his coworkers.

29. Mr. Nwani's coworkers would also level false allegations against Mr. Nwani and threaten to "beat him up" any time the issue of false allegations was reported to Mr. Castello.

30. As a result of the continued harassment, Mr. Nwani complained to HR and Mr. Castello on several more occasions.

31. In response, in February 2020, Allied Universal reassigned Mr. Nwani from his position at a multi-tenant office building to a position at a FedEx facility located in King of Prussia, Pennsylvania, which is not easily accessible by public transportation.

32. Mr. Nwani does not own a car and relies on public transportation to commute to and from work, of which Allied Universal was aware.

33. In or about April 2020, Mr. Nwani was told that he needed to go to the office on his day off to sign paperwork.

34. Mr. Nwani responded that he could not because it was his day off and he could not get a ride to the office.

35. Mr. Nwani then asked if Allied Universal could print the paperwork and send it to him, or if Mr. Nwani could access the paperwork from the computer.

36. Allied Universal told Mr. Nwani that he needed to come to the office or he would be terminated.

37. On April 16, 2020, Mr. Nwani was taken off the schedule by his supervisor, Francis Gomez, and effectively terminated.

38. The above facts demonstrate Allied Universal's discriminatory animus toward Mr. Nwani based on his race and national origin.

39. The timing and circumstances surrounding Mr. Nwani's termination are highly suspicious and call into question the true reason for Mr. Nwani's termination.

40. The blatant derogatory and harassing remarks towards Mr. Nwani regarding his race and national origin, coupled with Allied Universal's termination of Mr. Nwani shortly after his complaints of discrimination and harassment, as well as the lack of any legitimate grounds for terminating Mr. Nwani, strongly suggest that Mr. Nwani's race and national origin and retaliation were the true reasons for his termination.

41. Based on the foregoing, Mr. Nwani has been subjected to discrimination, harassment and retaliation on the basis of his race and national origin in violation of Section 1981, Title VII and the PHRA.

42. Mr. Nwani has suffered mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

43. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that its actions would cause Mr. Nwani severe emotional distress.

44. Mr. Nwani has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a proximate result of the actions and inactions of Defendant.

## COUNT I
### The Civil Rights Act of 1866, 42 U.S.C. § 1981

45. Plaintiff Ifeanyi Nwani repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

46. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

47. In discriminating against and harassing Mr. Nwani on the basis of his race, in retaliating against Mr. Nwani for his complaints of discrimination and harassment, and in

terminating Mr. Nwani, Defendant violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

48. Said violations were intentional and willful.

49. Said violations warrant the imposition of punitive damages.

50. As the direct and proximate result of Defendant's violations of Section 1981, Plaintiff Ifeanyi Nwani has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred an obligation for attorneys' fees and costs.

## COUNT II
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.

51. Plaintiff Ifeanyi Nwani repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

52. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

53. In discriminating against and harassing Mr. Nwani on the basis of his race and national origin, in retaliating against Mr. Nwani for his complaints of discrimination and harassment, and in terminating Mr. Nwani, Defendant violated Title VII.

54. Said violations were intentional and willful.

55. Said violations warrant the imposition of punitive damages.

56. As the direct and proximate result of Defendant's violations of Title VII, Plaintiff Ifeanyi Nwani has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred an obligation for attorneys' fees and costs.

## COUNT III
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

57.   Plaintiff Ifeanyi Nwani repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

58.   Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

59.   In discriminating against and harassing Mr. Nwani on the basis of his race and national origin, in retaliating against Mr. Nwani for his complaints of discrimination and harassment, and in terminating Mr. Nwani, Defendant violated the PHRA.

60.   As the direct and proximate result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff Ifeanyi Nwani has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred an obligation for attorneys' fees and costs.

## PRAYER FOR RELIEF

61.   Plaintiff Ifeanyi Nwani repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Ifeanyi Nwani respectfully requests that this Court enter judgment in his favor and against Defendant and Order:

  a. Appropriate equitable relief, including reinstatement or front pay;

  b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and wrongful termination;

  c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d. Defendant to pay Plaintiff punitive damages;

e. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f. Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g. Plaintiff be granted any and all other remedies available under Title VII, Section 1981, and the PHRA; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Ifeanyi Nwani hereby demands trial by jury as to all issues so triable.

*/s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103

*Attorneys for Plaintiff Ifeanyi Nwani*

Dated: October 28, 2021